Peter Hardin, Anwer Khan, Special Assistant United States Attorney, L. Ashley Aull, Assistant U.S. Attorney, DOJ—Office of the U.S. Attorney, Los Angeles, CA, for Respondents-Appellees

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Phillip Martinez appeals pro se from the district court's order denying his motion for a temporary restraining order and a preliminary injunction in his 28 U.S.C. § 2241 habeas corpus action. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for abuse of discretion, *see Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 725 F.3d 940, 944 (9th Cir. 2013), and we affirm.

Martinez contends that the district court erred in denying his request for an order enjoining the United States Parole Commission and the United States Probation Office from requiring him to submit to drug and alcohol testing as a condition of his parole. Because Martinez failed to establish a likelihood of success on the merits or a likelihood of irreparable harm in the absence of injunctive relief, the district court did not abuse its discretion. *See Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Martinez's request for sanctions, set forth in his reply brief, is denied.

**AFFIRMED.**

**Hubany Aparicio DE LEON LOPEZ, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 15-71602**

United States Court of Appeals, Ninth Circuit.

---

Submitted August 9, 2017 *
Filed August 14, 2017

Rosana Cheung, Attorney, Law Office of Rosana Kit Wai Cheung, Los Angeles, CA, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, Melissa Lynn Neiman-Kelting, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Hubany Aparicio De Leon Lopez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his motion to reconsider the denial of his prior motion to reopen removal proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying De Leon Lopez's motion to reconsider for failure to identify any error of fact or law in the IJ's prior decision denying his motion to reopen. *See* 8 C.F.R. § 1003.23(b)(2). De Leon Lopez did not show that the IJ erred in denying his underlying motion to reopen, where De Leon Lopez had not presented a copy of his notice of hearing to support his claim that it was confusing, and had not established eligibility for relief. *See* 8 U.S.C. § 1229a(e)(1); *cf. Singh v. INS*, 295 F.3d 1037, 1040 (9th Cir. 2002) (holding that petitioner established exceptional circumstances where he arrived late to his hearing based on a misunderstanding, had previously appeared at all scheduled hearings, and had "no possible reason to try to delay the hearing" because he was eligible for adjustment of status as the beneficiary of an approved visa petition). In addition, the record does not support his contention that the agency failed to consider relevant factors or evidence. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

We do not reach De Leon Lopez's contentions regarding equitable tolling and ineffective assistance. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (review is limited to the actual grounds relied upon by the BIA); *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.